UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-02288-AB-BFM | Date: | March 28, 2024 |
|---|---|---|---|

| Title: | *Sans Souci LLC v. Lord and Taylor ECOMM LLC et al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Sans Souci LLC ("Plaintiff") filed this action for breach of contract and related claims in federal court, invoking diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Complaint lacks allegations necessary to establish the citizenship any party, including itself.

Plaintiff and three of the four defendants are LLCs. The citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To allege the citizenship of an LLC, "a party must list citizenship of all the members of the limited liability company . . ." *Rolling*

*Greens MHP, L.P.v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). And if an LLC's member have members, the jurisdictional statement must allege the citizenship of the members' members, and so on. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Here, Plaintiff alleges at most only the state where each LLC was registered. This is insufficient to establish citizenship.

The fourth defendant is an individual. To be a citizen of a state for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Here, Plaintiff alleges only that the individual defendant is "in individual residing in New York City, New York," Compl. ¶ 5. Because a person's residence is not necessarily their domicile, it is not necessarily their state of citizenship, so Plaintiff's allegation of residence is insufficient to establish the individual defendant's citizenship.

In light of Plaintiff's defective allegations of all parties' citizenship, it has not established complete diversity.

A district court may grant leave to amend when it appears that subject matter jurisdiction may exist even though the pleading inadequately alleges jurisdiction. *See* 28 U.S.C. § 1653; *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1555 (9th Cir. 1987). The Court therefore **ORDERS** Plaintiff to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's response should be a First Amended Complaint filed **by April 4, 2024**. If Plaintiff does not timely file a First Amended Complaint or if it does not adequately allege the Court's jurisdiction, the Court will dismiss this action without prejudice so Plaintiff can pursue it in state court

**IT IS SO ORDERED**.